[Criminal No. 951. Filed May 1, 1944.]

[148 Pac. (2d) 1002.]

THE STATE OF ARIZONA, Plaintiff, v. JAMES JORDAN FARMER and WALTER McCLENA-HAN, Defendants.

Mr. James A. Walsh, County Attorney and Mr. Fred J. Hyder, Deputy County Attorney, for Plaintiff.

Mr. V. L. Hash, for Defendants.

ROSS, J.—The trial court seemed to entertain some doubt as to the validity of the law the defendants are charged with having violated, and accordingly has certified the question of its validity under section 44–2401, Arizona Code Annotated 1939 to this court for a decision.

The information charges the defendants with violating section 43–407, Id., reading as follows:

*"Fellatio and cunnilingus.*—Any person who shall wilfully commit any lewd or lascivious act upon or with the body of (or) any part or member thereof, of any male or female person, with the intent of arousing, appealing to or gratifying the lust or passion or sexual desires of either of such persons, in any unnatural manner, shall be guilty of a felony and imprisoned not less than one (1) year nor more than five (5) years."

The information is in the language of the statute, and if the statute is valid the information is good.

Counsel for defendants enumerates five reasons why the statute is unconstitutional and void, and we have carefully examined each one of these reasons and can find nothing to support them. He fails to call our attention to any cases that have held with, or support, his contentions.

Our statute is radically different from the California statute concerning the same subject, which was by the courts of that state declared unconstitutional. *Ex parte Lockett,* 179 Cal. 581, 178 Pac. 134. This case is a very interesting one and decides a question similar to, but not like, the one here. The California

statute, Pen. Code, § 288A as added by St. 1915, p. 1022 read:

"The acts technically known as fellatio and cunnilingus are hereby declared to be felonies and any person convicted of the commission of either thereof shall be punishable by imprisonment in the state prison for not more than fifteen years."

The words *"fellatio"* and *"cunnilingus"* are not a part of section 43-407, *supra*. They are the headnote placed there by the compiler or revisor of our statutes, and do not enter into the definition of the crime at all. If our statute were like the California statute, we would feel constrained to follow that court's decision in Ex parte Lockett.

Our section was enacted by the Third Legislature of the state as Chapter 2. Therein it is given this title "Prohibiting Unnatural Sexual Relations." The Latin words *"fellatio"* and *"cunnilingus"* do not appear in the act anywhere. All the words used in defining the crime are common everyday words, with no hidden nor mysterious meaning attached to them. See *State* v. *Poole,* 59 Ariz. 44, 122 Pac. (2d) 415.

We think the information charges a public offense, and that the act defining the offense is constitutional.

McALISTER, C. J., and STANFORD, J., concur.