486

**UNITED STATES v. MEYERS et al.**
**Criminal Nos. 1413—47, 1414—47.**

District Court of the United States for the
District of Columbia.

Feb. 2, 1948.

Russell Hardy and Smith W. Brookhart,
Jr., both of Washington, D. C., for defend-
ants, for the motion.

George Morris Fay, U. S. Atty., and Ed-
ward Molenof, Asst. U. S. Atty., both of
Washington, D. C., opposed.

HOLTZOFF, Justice.

In this case there are two indictments
against the defendant, Bennett E. Meyers,
one charging him with perjury and the oth-
er with subornation of perjury. Both of-
fenses are alleged to have been committed
in connection with testimony given before a

subcommittee of a Special Committee of the United States Senate. The first and principal objection advanced by the defendant to the indictments, is that the offenses set forth therein are not punishable as crimes, in that the District of Columbia perjury statute (D.C.Code, 1940, Title 22, § 2501)[1] does not comprise false testimony given before a Congressional committee.

The local perjury statute covers false testimony given before a competent tribunal, officer or person. In construing a statute effect should be given to every word contained in it, if it is at all possible. The argument advanced by the defendant is that a Congressional committee is not a tribunal and that, therefore, this statute does not apply. The court has considerable doubt whether a Congressional committee is a tribunal, because the word "tribunal" implies an officer or body having authority to adjudicate matters. But as the Court sees this question, it is not necessary to determine whether a Congressional committee is a tribunal, because the statute is not limited to testimony before a tribunal, but includes an oath taken before an officer or any other person authorized to administer oaths. The indictment alleges that the oath in this instance was administered by Honorable Homer Ferguson, a member of the United States Senate, as Chairman of a Subcommittee. He was certainly an officer or a person authorized to administer oaths. The indictment contains allegations that the Subcommittee had authority to examine witnesses under oath.

That Section 2501, Title 22 of the Code is not limited to perjury committed before a Court, is also indicated by Title 23, Section 204 of the Code, which relates to the contents of an indictment for perjury. It provides that it shall be sufficient to allege in such indictment before what Court or before whom the oath was taken. The clear implication of this provision is that the statute relates to oaths taken before officers or persons other than Courts as well as to oaths taken before a Court.

Surely it could not have been the intention of the Congress that perjury before a Congressional committee should not be punishable as a crime. Whatever may have been the common law, the statute is broad enough to cover testimony given under oath before any tribunal or before any officer or person authorized to administer an oath. Any other construction would be unreasonable and unrealistic and would result in a frustration of the intention of the Congress. Moreover, it would even do violence to the phraseology of the statute.

The Court is not unmindful of the rule that criminal statutes must be strictly construed as against the government and in favor of the defendant, but the Supreme Court has also ruled that even criminal statutes must be reasonably construed. This was held in the case of United States v. Raynor.[2] If we accord to this provision a reasonable construction, it is clear that it applies to false testimony, either before a court, or before an officer or person authorized to administer oaths. Obviously, a Senator of the United States is an officer of the United States.[3] The indictment shows that on the occasion in question the Senator who administered the oath to the defendant was

[1] D.C.Code (1940) Title 22, § 2501, provides:

"Every person who, having taken an oath or affirmation before a competent tribunal, officer, or person, in any case in which the law authorized such oath or affirmation to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed is true, wilfully and contrary to such oath or affirmation states or subscribes any material matter which he does not believe to be true, shall be guilty of perjury; and any person convicted of perjury or subornation of perjury shall be punished by imprisonment in the penitentiary for not less than two nor more than ten years. Any such false testimony, declaration, deposition, or certificate given in the District of Columbia, but intended to be used in a judicial proceeding elsewhere, shall also be perjury within the meaning of this section."

[2] 302 U.S. 540, 552, 58 S.Ct. 353, 82 L.Ed. 413.

[3] Lamar v. United States, 241 U.S. 103, 112, 36 S.Ct. 535, 60 L.Ed. 912; Lamar v. Splain, 42 App.D.C. 300, 304, 305; Morril v. Haines, 2 N.H. 246, 249; People v. Common Council City of Brooklyn, 77 N.Y. 503, 507, 33 Am.Rep. 659.

authorized to do so. The Court, therefore, reaches the conclusion that the perjury statute applies to false testimony given before Congressional committees and is not limited to false testimony given before a judicial tribunal.

The defendant also attacks the indictment as a pleading, and challenges the sufficiency of the allegations contained therein. The rules of criminal pleading were drastically changed and simplified by the Federal Rules of Criminal Procedure, which became effective in 1946, 18 U.S.C.A. following section 687. Rule 7(c) provides that an indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged, and need not contain a formal commencement, a formal conclusion, or any other matter not necessary to such statement.

██ This Court had occasion to construe the rule in the case of United States v. Starks.[4] The test of the sufficiency of an indictment is twofold: First, does it adequately apprize the defendant of the charge which he is called upon to meet? And, second, does it set forth the charge with sufficient definiteness in order to enable the defendant successfully to interpose a plea of double jeopardy if he is prosecuted again on the same accusation?

██ The principal objections advanced against the indictment by the defendant are twofold. First, it is alleged that the perjury indictment, which consists of three counts, does not sufficiently set forth the alleged false testimony given by the defendant. Each of the counts purports to aver a statement said to have been made by the defendant in the course of his testimony. It is also alleged that the statement was false. The indictment goes further and sets forth what the true facts were. It seems to me that these averments are sufficient to apprize the defendant of the charges that he is called upon to meet, and to enable him successfully to plead double jeopardy in the remote contingency that he might be called upon to meet the same charge at another time.

██ It is also contended that there is no sufficient showing in the indictment that the alleged false statements were material to the inquiry the Subcommittee was conducting. Under the old system of criminal pleading it was customary to set forth in detail in a perjury indictment how and why the particular question addressed to the witness was material. It is not necessary to determine whether this course was necessary or merely customary. Assuming, without deciding, that at common law such allegations were essential, the view of this Court is that such averments are no longer required under the new Federal Rules of Criminal Procedure. All that is indispensable now is a plain, concise and definite written statement of the essential facts that constitute the offense charged. There is an allegation in the indictment that the testimony sought to be elicited from the defendant was material to the inquiry. Whether it was is a matter of proof, and, of course, at the trial it will be necessary for the Government to establish the materiality of the subject matter. It is the view of this Court that under the new Rules, a general allegation of materiality is sufficient in an indictment for perjury or subornation of perjury.

In the light of these considerations, the Court deems the indictments sufficient and will deny the motions to dismiss.

---

[4] D.C., 6 F.R.D. 43.