**TONKER v. UNITED STATES.**

No. 10220.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 3, 1949.

Decided Oct. 26, 1949.

Mr. James C. McKay, Washington, D. C.,
for appellant.

Mr. Charles B. Murray, Assistant United
States Attorney, Washington, D. C., with
whom Mr. George Morris Fay, United

States Attorney, and Mr. Cecil R. Heflin,
Assistant United States Attorney, Washington, D. C., were on the brief, for appellee.

Mr. Joseph M. Howard, Assistant United
States Attorney, Washington, D. C., also
entered an appeara c for appellee.

Before EDGERTON, PRETTYMAN
and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

A district of Columbia statute [1] describes
and penalizes certain sexual acts and then
provides: "And in any indictment for the
commission of any of the acts, hereby
declared to be offenses, it shall not be necessary to set forth the particular unnatural
or perverted sexual practice with the commission of which the defendant may be
charged, nor to set forth the particular
manner in which said unnatural or perverted sexual practice was committed, but
it shall be sufficient if the indictment set
forth that the defendant committed a certain unnatural and perverted sexual practice with a person or animal, as the case
may be: Provided, That the accused, on
motion, shall be entitled to be furnished
with a bill of particulars, setting forth the
particular acts which constitute the offense
charged."

Appellant was indicted in four counts
under this statute. He was convicted on
two counts and acquitted on two. He
appealed from the judgment of conviction.

The indictment followed the statute precisely. It identified the statute alleged to
have been violated. The charge, as stated,
was that on a certain day and within the
District of Columbia appellant "committed
a certain unnatural and perverted sexual
practice" with a certain person. Appellant
moved to dismiss but did not move for a
bill of particulars.

Appellant says that the indictment was insufficient to satisfy the constitutional requirement that he be informed of
the accusation against him.[2] We think it

1. Pub.L. No. 615, 80th Cong., 2d Sess.,
   § 104 (a), June 9, 1948, 62 Stat. 346,
   347.

2. U.S.Const. Amend. VI.

was sufficient. An indictment must describe the offense with such certainty as that the accused may prepare his defense and also may be protected against another charge for the same offense, but modern practice has been away from prolixity and from details which are unnecessary to the proper function of the indictment. The cases cited in the footnote hereto [3] support the view we take, and we are persuaded particularly by the opinion of Judge Lehman in People v. Bogdanoff, in which opinion Chief Judge Cardozo and Judges Pound and O'Brien concurred.

The indictment before us plainly apprised the accused of the nature of the offense with which he was charged, and plainly identified that offense. Only details of description were missing, and they were available to him as a matter of right. The utmost of his constitutional right was not and could not be denied him.

Lest it be said that we are announcing new doctrine, we note that in Volume 78 of the Full Reprint of English Reports, at page 159, appears the report of a case in "Pasch. 16 Jacobi", which would be about the year 1600. The report says: "A man was indicted de verberationem & vulnerationem of J. S. and the words (vi & armis) were left out of the indictment. And the same was adjudged to be helped by the statute, and that the indictment was good."

Affirmed.

3. People v. Bogdanoff, 1930, 254 N.Y. 16, 171 N.E. 890, 69 A.L.R. 1378; Bartell v. United States, 1913, 227 U.S. 427, 33 S.Ct. 383, 57 L.Ed. 583; State v. Roy, 1936, 40 N.M. 397, 60 P.2d 646, 110 A.L. R. 1; State v. Engler, 1933, 217 Iowa 138, 251 N.W. 88; State v. Capaci, 1934, 179 La. 462, 154 So. 419; State v. Whitmore, 1933, 126 Ohio St. 381, 185 N.E. 547.