Strafford,
Mar. 7, 1950. } No. 3898.

LEO KLINGER *v.* RUDOLPH G. CARTIER *& a.*

*Herbert W. Rainie,* for the plaintiff, furnished no brief.

*Robert W. Upton,* for the defendant Cartier, furnished no brief.

*William L. Phinney,* Attorney General and *Warren E. Waters* (*Mr. Waters* orally), for the State.

BLANDIN, J. The question before us is whether the State may be trusteed for the sum in its hands due a member of the Legislature for his services as such. We believe the answer is yes. It is true "the state cannot be sued in our courts, in the absence of a statute authorizing it, or without its consent, either expressly given or clearly implied . . . " *Bow* v. *Plummer,* 79 N. H. 23, 24. See also, *St. Regis Co.* v. *Board,* 92 N. H. 164, 168, and authorities cited.

The trustee process involved here is actually a suit against the State against which a judgment could be rendered as well as against the principal debtor. *Wallace* v. *Blanchard,* 3 N. H. 395, 397, 398; *Palmer* v. *Company,* 79 N. H. 28, 30. See also, 114 A. L. R. 261.

Under the facts before us it must be conceded that the action is barred (*Bow* v. *Plummer, supra;* 38 C. J. S., Garnishment, *s.* 43), unless authorized by R. L., *c.* 412, *s.* 9, which reads as follows:

"STATE OFFICIALS OR EMPLOYEES. The salary or wages of any state official or employee for services rendered or labor performed for the state before the service of a writ shall be subject to trustee process.

The trustee writ shall be served upon the state treasurer who shall be chargeable as any other trustee, providing, however, that if the writ is duly entered in court the treasurer shall discharge himself by paying to the clerk of that court such portion of said salary or wages as is due or payable at the time of service of said writ on the treasurer; and provided further that the state treasurer shall not be chargeable unless the writ shall be served upon him before the check for such salary or wages has left his custody."

We do not believe by the word "employee" the Legislature intended to include members of the General Court. It is the law that words such as these under the circumstances here are to be given their common meaning. *McIntyre Enterprises* v. *Geiger*, 94 N. H. 368, and authorities cited. The word "employee" certainly does not commonly mean a legislator. *Abbott* v. *Lewis*, 77 N. H. 94, 98. See also, 30 C. J. S. 227.

We believe, however, a member of the General Court is a state official. It was held here at an early date that "a representative in the general court is a 'state officer'. . . . " *Moril* v. *Haines*, 2 N. H. 246, 249. See also, *Ricker's Petition*, 66 N. H. 207, 231; *United States* v. *Meyers*, 75 F. Supp. 486, and authorities cited (*certiorari* denied 336 U. S. 912). There are other indications that representatives are considered state officials. Title VI of R. L., 1942 bears the heading "ELECTIONS AND CERTAIN PROVISIONS RELATING TO PUBLIC OFFICIALS." Under this title chapter 40 provides for the "ELECTION OF REPRESENTATIVES TO THE GENERAL COURT." Chapter 43 of the Revised Laws entitled "CERTAIN PROVISIONS RELATING TO PUBLIC OFFICIALS" reads, so far as material, as follows: "No person holding a public office, excepting only members of the general court . . . shall . . . sell or buy goods . . . to or from the . . . state by which said official is paid." *Id., s.* 1.

We believe that legislators are state officials and their pay as such is subject to trustee process under R. L., *c.* 412, *s.* 9.

*Exception overruled.*

All concurred.