## WELDON v. UNITED STATES.

### No. 10482.

United States Court of Appeals
District of Columbia Circuit.

Argued May 25, 1950.

Decided June 15, 1950.

1. Barbour v. Moore, 1897, 10 App.D.C. 30, 46.

Mr. Donald H. Dalton, Washington, D. C., for appellant.

Mr. Jerome Powell, Assistant United States Attorney, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, Arthur J. McLaughlin and Joseph M. Howard, Assistant United States Attorneys, all of Washington, D. C., were on the brief, for appellee. Mr. L. Clark Ewing, Assistant United States Attorney, Washington, D. C., also entered an appearance for appellee.

Before CLARK, WILBUR K. MILLER and PROCTOR, Circuit Judges.

CLARK, Circuit Judge.

Appellant was indicted in two counts as follows:

"On or about September 19, 1949, within the District of Columbia, Earl C. Weldon committed a certain unnatural and perverted sexual practice with * * * a male person of the age of fourteen years.

*"Second Count:*

"On or about September 19, 1949, within the District of Columbia, Earl C. Weldon enticed, allured and persuaded * * * a male person of the age of fourteen years, to a place for the purpose of taking immoral, improper and indecent liberties with said [person]."

The indictment designated sections 103 (a) and 103(b) of Public Law No. 615, 80th Congress, 2nd Sess., June 9, 1948, 62 Stat. 346, 347, (hereinafter referred to as the "Miller Act"), as the laws violated by appellant. Section 103(a) reads:

"Any person who shall take, or attempt to take any immoral, improper, or indecent liberties with any child of either sex, under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child shall be imprisoned in a penitentiary, not more than ten years."

Inasmuch as the jury was instructed that if it found appellant guilty as to Count I of the indictment it was to give no consideration to Count II, and inasmuch as the appellant was found guilty of Count I, a consideration of section 103(b) is not necessary for the purposes of this opinion.

Although Count I of the indictment charged a violation of section 103(a) of the Miller Act, it was framed in terms of section 104(a) of said Act which provides:

"Every person who shall be convicted of taking into his or her mouth or anus the sexual organ of any other person or animal, or who shall be convicted of placing his or her sexual organ in the mouth or anus of any other person or animal, or who shall be convicted of having carnal copulation in an opening of the body except sexual parts with another person, shall be fined not more than $1,000 or be imprisoned for a period not exceeding ten years. Any person convicted under this section of committing such act with a person under the age of sixteen years shall be fined not more than $1,000 or be imprisoned for a period not exceeding twenty years. And in any indictment for the commission of any of the acts, hereby declared to be offenses, it shall not be necessary to set forth the particular unnatural or perverted sexual practice with the commission of which the defendant may be charged, nor to set forth the particular manner in which said unnatural or perverted sexual practice was committed, but it shall be sufficient if the indictment set forth that the defendant committed a certain unnatural and perverted sexual practice with a person or animal, as the case may be: *Provided,* That the accused, on motion, shall be entitled to be furnished with a bill of particulars, setting forth the particular acts which constitute the offense charged."

 Appellant first urges that the indictment failed for the reason that it did not meet the requirements of the 5th and 6th Amendments of the Constitution in that it lacked definiteness and specificity. It will be noted, however, that section 104(a) of the Miller Act permits an indictment in exactly the words used in Count I, and pro-

vides for a bill of particulars by which the defendant may more definitely inform himself of the particular acts which constitute the offense charged. This precise question was before us in Tonker v. United States, 1949, 85 U.S.App.D.C. 369, 178 F.2d 712, and we there held such an indictment did not infringe constitutional rights, even though in that case no bill of particulars was requested.

But the appellant argues that although the indictment charged a violation of section 103(a) of the Miller Act, he was tried for, the jury was instructed concerning, and he was convicted of a violation of section 104(a), and this was prejudicial error within the meaning of Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides in part:

"* * * Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

 Appellant, however, has failed to show, beyond his bare allegation, how he was in any way misled to his prejudice. He states that section 103(a) is taken from the Illinois law while section 104 was taken from Maryland law, and that had he known that he was charged with a violation of 104 (a) he would have been able to look for Maryland cases for some interpretation of their law which might help him. He fails, however, to cite any Maryland case construing the section of their code [1] after which section 104(a) of the Miller Act was patterned. And counsel for the government stated in oral argument, he had been unable to uncover a single Maryland case in point. There is no prejudice there. But appellant further urges that since section 103(a) carries a maximum penalty of only ten years whereas the maximum under section 104(a) is twenty years he was misled to his prejudice. Just how we are unable to comprehend. Certainly it cannot be said that a man will defend himself less strenuously against a charge of a crime carrying only a ten year penalty than he would if the

---

1. Section 578, Article 27 of the Maryland Code Annotated (Flack 1939).

maximum penalty was twenty years. And besides appellant was not prejudiced in this regard because he was sentenced to serve a term of only two to six years, far less than is permissible under either section. The only way he could have been misled to his prejudice in this regard would be in the situation where he pleaded guilty in the belief that his maximum penalty would be only ten years. But appellant pleaded not guilty to both Counts of the indictment, so it can hardly be said that he gained a right to a maximum ten year sentence.

■■ Appellant also contends that, although the court denied his prayer number four which requested an instruction in the language of Count I of the indictment but cited section 103(a) of the Miller Act, it erred when it granted the prayer in substance by instructing the jury on section 104 (a). Appellant's position seems to be that the court should have instructed on section 103(a) and that failure to do so was plain error. But an instruction on section 103(a) would have been inappropriate here where the appellant was charged with and tried for the commission of a crime within the meaning of section 104(a). Such an instruction could only have served to confuse the jury. Furthermore, appellant, having requested an instruction in terms of section 104(a), cannot now complain because the instruction was, in effect, granted.

■ Appellant assigns error to the lower court's failure to exclude government employees from the jury. This contention is without merit, Dennis v. United States, 1950, 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. ——.

■■ Finally, appellant addresses himself to the constitutionality of the various sections of the Miller Act involved herein. Inasmuch as appellant was not convicted under either section 103(a) or section 103 (b), he has no standing now to challenge their constitutionality. His objection to section 104 (a) is that it allows for a defective indictment. As we have already pointed out, the Tonker case, supra, has held section 104(a) constitutional in this regard.

It follows from the foregoing therefore that there is no error and the judgment is accordingly affirmed.

Affirmed.