## UNITED STATES v. YOUNG.

Cr. No. 1725-51.

United States District Court for the District of Columbia.

May 12, 1953.

, Miller W. Marshall, of Washington, D. C., for defendant, for the motion.

Leo A. Rover, U. S. Atty., William A. Paisley, Sp. Asst. to Atty. Gen., J. Frank Cunningham, and John F. Byerly, Attorneys, Department of Justice, of Washington, D. C., opposed.

HOLTZOFF, District Judge.

The defendant, having .been convicted of perjury before a grand jury, moves for judgment notwithstanding the verdict or, in the alternative, for a new trial. The sole ground advanced in support of the motion is that the indictment failed to state the name of the person alleged to have administered the oath. The motion further asserts that the fact that the name was later supplied by a bill of particulars, does not cure the defect.

I would have been inclined to regard this objection as a sheer technicality bordering on the frivolous and the absurd, and to overrule it without discussion, perhaps citing Mr.Bumble as the sole authority. In view of the fact, however, that recently the Court of Appeals for the Fifth Circuit, in United States v. Debrow, 203 F.2d 699, held, by a vote of two to one, that such an omission was fatal to the validity of the indictment, respect for that tribunal, for which this Court has a high regard, requires this Court to state its reasons for agreeing with the dissenting opinion of Judge Rives in that case, and failing to be; persuaded by the majority opinion.

Even if, prior to the adoption of the Federal Rules of Criminal Procedure, 18 U.S.C.A., there existed a common law rule or a statutory provision that the name of the person who administered the oath must be stated in an indictment for perjury,—which we do not decide,—this requirement must be deemed to have been abrogated by the new Rules. Rule 7(c) of the Federal Rules of Criminal Procedure provides that, "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * * It need not contain * * * any other matter not necessary to such statement." To make sure that the Rules would be construed in the liberal spirit contemplated by their framers, the following admonition as to their interpretation and application was included:

"Rule 2. *Purpose and Construction.* These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure *simplicity in procedure,* fairness in administration and the elimination of unjustifiable expense and delay." (Emphasis supplied.)

The essential facts constituting the crime of perjury are that the defendant appeared before a competent tribunal, and was duly sworn; that he wilfully gave certain specified testimony; that this testimony was false, to the knowledge of the defendant; and that the testimony was material to the inquiry being pursued by the tribunal. Surely the name of the person who administered the oath is not an essential fact. If it is important or necessary for the defendant to have this information in·preparation for the trial, it can be obtained by a motion for a bill of particulars, as was done in this case.

One of the purposes of the new rules was to abrogate the technicalities which all too often had led to dismissal of indictments and to reversals of convictions on grounds that had no connection with the guilt or innocence of the defendant. This situation had long been a reproach to the administration of criminal law. Among the many refinements impeding the decision of criminal cases on their merits were numerous technical requirements as to the contents of the indictment and the manner in which averments should be made, all inherited from a bygone era. One of the chief purposes of

the new rules was to jettison this superfluous cargo, which interfered with the determination of the basic question whether the defendant committed the crime with which he was charged. The history of the common law of crimes indicates that criminal procedure became encrusted with these barnacles as a result of commendable efforts of English judges to mitigate the rigors of the law of their day, under which the death penalty was imposed for every felony. The ingenious judicial mind gradually devised these technicalities as an escape. They have no place in modern jurisprudence. Their existence and application properly cast discredit on the law in the minds of thinking laymen.

■ The present tests of the sufficiency of an indictment are that, it must apprise the defendant of the specific offense with which he is charged, and that, it must be sufficiently definite in order that if the defendant is later charged with the same or an included offense, he will be in a position to plead double jeopardy.[1] For example, in United States v. Starks, D.C., 6 F.R.D. 43, it was held that it is no longer necessary in an indictment for forgery to set forth the forged document *in haec verba.*

■ It is the conclusion of this Court that the present Federal procedure does not require that the name of the person who administered the oath be stated in an indictment for perjury.

■ Even if such a requirement existed, we would then be confronted by Rule 52 (a):

"(a) *Harmless Error.* Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

Surely, even the able and resourceful defense counsel would hardly contend that the

alleged defect on which he relies affected substantial rights. The accuracy of this statement is effectively demonstrated by the fact that there was no controversy at the trial over the question whether the defendant had been duly sworn prior to giving his testimony before the grand jury.

It is noted that two other judges of this Court,—Judge McGuire in United States v. Young, 113 F.Supp. 20, and Judge Youngdahl in United States v. Lattimore, D.C., 112 F.Supp. 507,—have arrived at the same conclusion as is being reached in the instant case.

Motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, is denied.

1. Glasser v. United States, 315 U.S. 60, 66, 62 S.Ct. 457, 86 L.Ed. 680; Bartell v. United States, 227 U.S. 427, 33 S.Ct. 383, 57 L.Ed. 583; Tonker v. United States, 85 U.S.App.D.C. 369, 370, 178 F.2d. 712; Powers v. United States, 75 U.S.App.D.C. 371, 128 F.2d 300, certiorari denied 316 U.S. 693, 62 S.Ct. 1300, 86 L.Ed. 1764; United States v. American Medical Ass'n, 72 App.D.C. 12, 24, 110 F.2d 703, certiorari denied 308 U. S. 599, 60 S.Ct. 131, 84 L.Ed. 502, and 310 U.S. 644, 60 S.Ct. 1096, 84 L.Ed. 1411; United States v. Starks, D.C., 6 F. R.D. 43.