UNITED STATES
v.
Harry SACHER.
Cr. No. 1216–55.

United States District Court
District of Columbia.
Feb. 24, 1956.

William Hitz, Asst. U. S. Atty. for the District of Columbia, Washington, D. C., for the United States.

David Rein, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is a motion by the defendant to dismiss an indictment charging him with contempt of Congress in that he unlawfully refused to answer certain pertinent questions propounded by a Congressional Committee, as set forth in the indictment. It is urged that failure to allege that the refusal was willful, deliberate or intentional is a vital defect in the indictment.

■ There is no doubt that as a matter of proof it is necessary to show at the trial that the refusal was not inadvertent; that it was intentional and willful, not in the sense that it was necessarily in bad faith, but that it was not accidental but was deliberate. Whether failure to include an allegation to that effect vitiates the indictment is another matter.

■ When we come to deal with sufficiency of indictments, cases dealing with technical forms of indictments decided prior to the advent of the present Federal Rules of Criminal Procedure, 18 U.S.C.A., do not constitute any authority. One of the purposes of the rules was to jettison the old rulings under which a person might go unwhipped of justice, though he had committed a serious offense, merely because the draftsman of the indictment omitted some word or phrase which did not actually affect the meaning of the accusation.

These technical decisions originated in an era when almost every felony was punishable by death and judges were looking for pretexts to prevent the imposition of the death penalty in cases in which they thought the penalty was not morally justified. That line of reasoning, of course, is now antiquated and outmoded. These very technical decisions·that originated in England are no longer followed in the land that gave them birth. We no longer scrutinize indictments for technical correctness.

The contents of an indictment are governed now by Rule 7(c) of the Federal Rules of Criminal Procedure, which provides merely that "The indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

■ It has been explained by the authorities construing this rule that the indictment must meet two tests. First, it must set forth the essential facts, with sufficient definiteness in order that the defendant may be apprised of the exact offense with which he is charged and the precise accusation that he will have to meet at the trial. Second, it must be sufficiently definite in order that the defendant may be able to avail himself of the plea of former jeopardy in the event that an attempt should be

made at a subsequent time to prosecute him for the same offense.[1]

Obviously this indictment meets these two tests, and also complies with the requirements of Rule 7(c). This conclusion is fortified by Rule 52(a) of the Federal Rules of Criminal Procedure, known as the Harmless Error Rule, and which reads as follows:

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

 Even if the contention were correct that a defect in this indictment existed as claimed by the defendant, it would not affect substantial rights. But the Court is going further and holds definitively that this indictment is not defective. It complies with the requirements of law.

The Court is not unmindful of the opinion to the contrary rendered in the Southern District of New York, in United States v. Lamont, D.C., 18 F.R.D. 27, 32. The Court observes, however, that the learned judge who wrote the opinion in that case, and for whom this court has a high personal regard, does not cite any authorities in support of his ruling that since willfulness or deliberate, intentional refusal to answer is an essential element of the offense which the Government must prove, it must also be pleaded in the indictment. The Court, with respect and deference to this learned judge, is of the opinion that this ruling is contrary to the modern trend of doing away with technicalities in indictments.[2]

The Court has also been apprised of the fact that a brother judge in this district, in an unreported decision, has arrived at the same conclusion as was reached in the Southern District of New York. On the other hand several other judges in this district have made the same ruling as the ruling that is being made here.

The motion to dismiss the indictment is denied.

---

**UNITED STATES, Plaintiff,**

---

1. United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92; Tonker v. United States, 85 U.S.App.D.C. 369, 370, 178 F.2d 712; United States v. Varlack, 2 Cir., 225 F.2d 665, 670; United States v. Manuel, D.C., 126 F.Supp. 618; United States v. Peace Information Center, D.C., 97 F.Supp. 255, 264; United States v. Meyers, D.C., 75 F.Supp. 486, 488, affirmed 84 U.S.App.D.C. 101, 171 F.2d 800, 11 A.L.R.2d 1; United States v. Starks, D.C., 6 F.R.D. 43.

2. For example, it is no longer necessary in a perjury indictment to set forth the name and title of the person who administered the oath, United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L. Ed. 92; Young v. United States, 94 U.S. App.D.C. 54, 212 F.2d 236, certiorari denied 347 U.S. 1015, 74 S.Ct. 870, 98 L. Ed. 1137.