315 P.2d 876

**Curtis Weldon LOVELACE, Petitioner,**

v.

**James W. CLARK, Sheriff of Pima County, Respondent.**

**No. 1100.**

Supreme Court of Arizona.

Sept. 27, 1957.

Lawrence E. Ackels, Dallas, Tex., and Lawrence Ollason, Tucson, for petitioner.

Robert Morrison, Atty. Gen., J. H. Green, Jr., Asst. Atty. Gen., and Raul H. Castro, County Atty. of Pima County, H. E. Rogge, Jr., Chief Deputy County Atty., Pima County, Tuscon, for respondent.

UDALL, Chief Justice.

The sole question presented by this appeal is: "Did the trial court err in dismissing the writ of habeas corpus because the statute in question, A.R.S. Section 13–652, defining lewd and lascivious acts and fixing a penalty therefor, is violative of the due process clause of the State Consti-

28

tution (article 2, section 4, A.R.S.), and of the Fourteenth Amendment to the United States Constitution?", the precise contention being that the statute is in terms so vague that men of common intelligence must necessarily guess at its meaning. Petitioner cites no authority in support of his contention. A similar challenge was directed to this statute (then Section 43–407, A.C.A.1939) in the case of State of Arizona v. Farmer, 61 Ariz. 266, 148 P.2d 1002 and its constitutionality was there upheld. Other jurisdictions have held likewise. Cf. Blake v. State, 210 Md. 459, 124 A.2d 273; Koa Gora v. Territory of Hawaii, 9 Cir., 152 F.2d 933, certiorari denied 328 U.S. 862, 66 S.Ct. 1362, 90 L.Ed. 1632; State v. Prejean, 216 La. 1072, 45 So.2d 627. See also Faber v. State, 62 Ariz. 16, 152 P.2d 671; Tonker v. United States, 85 U.S.App.D.C. 369, 178 F.2d 712; Weldon v. United States, 87 U.S. App.D.C. 113, 183 F.2d 832. We see no occasion to again review the matter.

We hold there is no merit to the appeal because the statute in question, in our opinion, does define the offense in terms so that men of common intelligence know its meaning and hence it is not violative of the due process clause of either the state or federal constitutions.

Judgment affirmed.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.