315 P.2d 877

Manuel LUCERO, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA and Homer Jones, Respondents.

No. 6288.

Supreme Court of Arizona.

Sept. 30, 1957.

W. Roy Tribble, Chandler, for petitioner.

Donald J. Morgan, Phoenix, for respondent Industrial Commission of Arizona; John R. Franks, Robert K. Park, and James D. Lester, Phoenix, of counsel.

WINDES, Justice.

Application by Manuel Lucero, petitioner herein, for workman's compensation. The Industrial Commission found there was insufficient evidence to establish the fact that applicant suffered an injury by accident arising out of and in the course of his employment and denied compensation. We issued certiorari to test the validity of this finding and decision.

The evidence indicates that petitioner was employed as an irrigator; that he went on duty about 12:30 or 1:00 o'clock p.m.; and that his employer about 5:30 p.m. checked and not finding him at his work found him some distance away from the location of his work injured and in his car wrecked against a tree. He was taken to the doctor. Petitioner's application for compensation states that at 2:30 p.m. he was returning to the field after having gone for drinking water and that a rear tire on his car blew out. It stated as witnesses Jesus Franco and Homer Jones, the employer. Franco signed an affidavit to the effect he was with the employer when petitioner was discovered in his wrecked car; that he smelled his breath and petitioner had been drinking something other than water—it smelled like beer. This witness, in testifying on rehearing, however, said he did not smell his breath. Petitioner's employer, Jones, testified that when he discovered him in the wrecked car, he smelled alcohol on him and he could not say how drunk petitioner was but he seemed to have "more than he should have". The doctor who treated him said there was an odor of alcohol and that, while he did not make any test, it was his impression petitioner was intoxicated. The petitioner said that

after going on the job, which the evidence indicated was 12:30 or 1:00 p.m., he immediately went for the water, the mission he was supposed to have been on when the accident occurred. Franco said he saw petitioner in the field on the job at 3:00 o'clock.

We have held many times that the applicant has the burden of establishing he was in the course of his employment when the accident happened. For us to set aside an award denying compensation, the undisputed evidence must show that applicant was so engaged. The evidence in this case is confusing and conflicting. The commission could decide under the evidence that petitioner had abandoned his employment, was on a private mission and was returning therefrom when the accident occurred. If such be true, the petitioner was not in the course of his employment and the accident did not arise out of and in the course of his employment.

Award affirmed.

UDALL, C. J., PHELPS and STRUCKMEYER, JJ., and J. SMITH GIBBONS, Superior Court Judge, concur.

The late Justice LA PRADE having been ill at the time this case was argued, Honorable J. SMITH GIBBONS, Judge of the Superior Court of Apache County, was called to sit in his stead.