446 P.2d 487

The STATE of Arizona, Appellee,

v.

Harvey JONES, Appellant.

No. 1 CA–CR 168.

Court of Appeals of Arizona.

Nov. 4, 1968.

**382**

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Fred R. Esser, Phoenix, for appellant.

CAMERON, Chief Judge.

Defendant was accused of the crime of committing lewd and lascivious acts, a felony (A.R.S. § 13–652), with an allegation of prior conviction (A.R.S. § 13–1649).

The court sitting without a jury found the defendant guilty of the crime of lewd and lascivious acts, but found that the "allegation of prior conviction has not been shown". From the judgment of guilt and sentence to not less than two nor more than four years in the Arizona State Prison, the defendant appeals.

We are called upon to consider three questions on appeal. They are:

1.  Whether the trial court committed reversible error in denying appellant's motion to dismiss or remand for preliminary hearing based on a conflict of interest by the Public Defender's Office at the time of the previous preliminary hearing.

2.  Whether A.R.S. § 13–652 is constitutionally void for vagueness.

3.  Whether the trial court committed reversible error in denying appellant's various motions .for directed verdict, new trial, and arrest of judgment.

The facts necessary for a determination of this matter on appeal are as follows. Defendant, Harvey Jones and a codefendant, were charged with violation of A.R.S. § 13–652. Preliminary hearing was held in the Justice Court of the East Phoenix Precinct at which time both co-defendants were represented by the Public Defender's Office of Maricopa County. Both defendants were remanded to the Superior Court for trial, and in the Superior Court the Public Defender's Office moved to withdraw as attorney for the defendants' for the reason "that a conflict of interest has developed between the two defendants, and the defense of one will necessarily prejudice the defense of the other."

Motion was granted and defendant's present attorney was appointed to. represent defendant. A different attorney was appointed to represent the co-defendant. A motion was made to remand the matter to the Justice Court for a preliminary hearing or in the alternative to dismiss because of an alleged conflict of interest at the time of the prior preliminary hearing. The motion was denied and the case proceeded to trial.

## DEFENDANTS MOTION TO REMAND FOR A NEW PRELIMINARY HEARING

It is the contention of the appellant that the trial court committed reversible error in denying appellant's motion to remand for a preliminary hearing. With this we do not agree. Motion to remand to Justice Court for a preliminary

hearing on the basis of conflict of interest is addressed to the sound discretion of the trial court and actual prejudice must be shown before we will set aside the denial of the motion. State v. Carpenter, 1 Ariz.App. 522, 405 P.2d 460 (1965). But see also State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966). The fact that the trial court, possibly out of an abundance of caution, granted the Public Defender's motion, based on an alleged conflict of interest, to withdraw as counsel and appointed new attorneys to represent the two defendants does not mean that there was a conflict which denied the defendant his rights to effective assistance of counsel at the preliminary hearing.

### IS A.R.S. § 13–652 VOID FOR VAGUENESS?

Our old statute § 43–407, A.C.A. 1939, stated:

"Fellatio and cunnilingus.—Any person who shall wilfully commit any lewd or lascivious act upon or with the body of [or] any part or member thereof, of any male or female person, with the intent of arousing, appealing to or gratifying the lust or passion or sexual desires of either of such persons, in any unnatural manner, shall be guilty of a felony and imprisoned not less than one [1] year nor more than five [5] years." Laws, 1917.

This statute was held to be valid as sufficiently charging a public offense. State v. Farmer, 61 Ariz. 266, 148 P.2d 1002 (1944). This statute was changed in the Arizona Revised Statutes of 1956 and now reads as follows:

"§ 13–652. Lewd and lascivious acts; definition; punishment

"A person who wilfully commits, in any unnatural manner, any lewd or lascivious act upon or with the body or any part or member thereof of a male or female person, with the intent of arousing, appealing to or gratifying the lust, passion or sexual desires of either of such persons, is guilty of a felony punishable by imprisonment for not less than one nor more than five years."

This was further amended in 1965 to include a special provision to cover a child under 15 years of age.

Appellant contends that the Supreme Court has never interpreted the phrase "unnatural manner". It is appellant's contention that the words "unnatural manner" are impermissibly indefinite and uncertain for the reason they admit to the myriad of different constructions as discussed in State v. Locks, 97 Ariz. 148, 397 P.2d 949 (1964. In discussing the section as presently amended our Supreme Court has stated:

"The sole question presented by this appeal is: 'Did the trial court err in dismissing the writ of habeas corpus because the statute in question, A.R.S. Section 13–652, defining lewd and lascivious acts and fixing a penalty therefor, is violative of the due process clause of the State Constitution (article 2, section 4, A.R.S.), and of the Fourteenth Amendment to the United States Constitution?', the precise contention being that the statute is in terms so vague that men of common intelligence must necessarily guess at its meaning. Petitioner cites no authority in support of his contention. A similar challenge was directed to this statute (then section 43–407, A.C.A. 1939) in the case of State of Arizona v. Farmer, 61 Ariz. 266, 148 P.2d 1002 and its constitutionality was there upheld. Other jurisdictions have held likewise. (citations omitted). We see no occasion to again review the matter." Lovelace v. Clark, 83 Ariz. 27, 28, 315 P.2d 876 (1957).

The Supreme Court then went on to state:

" * * * [T]he statute in question * * * does define the offense in terms so that men of common intelligence know its meaning and hence it is not violative of the due process clause of either the state or federal constitutions." Lovelace v. Clark, supra, 83 Ariz. 28, 315 P.2d 876.

## MOTION FOR DIRECTED VERDICT, NEW TRIAL AND ARREST OF JUDGMENT

 Appellant contends that the trial court committed reversible error in denying appellant's various motions for directed verdict, new trial and arrest of judgment. With this we do not agree. The evidence is ample to support a conviction of defendant for the offense charged.

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.