467 P.2d 60

**STATE of Arizona, Plaintiff,**

v.

**Ronald Raymond MORTIMER and Simon Ortiz Perez, Defendants.**

No. 2103.

Supreme Court of Arizona,
In Banc.
April 1, 1970.

Rose Silver, Pima County Atty., by William Randolph Stevens, Jr., Asst. Pima County Atty., Tucson, for plaintiff.

Leon Thikoll, Tucson, for Ronald Raymond Mortimer.

Paul Wolf, Tucson, for Simon Ortiz Perez.

HAYS, Justice.

Pursuant to Rule 346 of the Rules of Criminal Procedure, 17 A.R.S., the following question was certified to the Supreme Court:

"Is the act of masturbation by one adult male upon another adult male, with the latter's consent, where the intent of arousing, appealing to or gratifying the lust, passion or sexual desires of either of such persons is admitted, a lewd or lascivious act within the proscription of A.R.S. § 13–652, as amended?"

The statute in question, A.R.S. § 13–652 as amended, reads as follows:

"A person who wilfully commits, in any unnatural manner, any lewd or lascivious act upon or with the body or any part or member thereof of a male or female person, with the intent of arousing, appealing to or gratifying the lust, passion or sexual desires of either of such persons, is guilty of a felony punishable by imprisonment for not less than one nor more than five years. If such person commits the act as described in this section upon or with a child under the age of fifteen years, such person shall be punished by imprisonment in the state prison for not less than five years nor more than life without the possibility of parole until the minimum sentence has been served."

The facts which brought rise to the question submitted are these: At approx-

imately 10:00 p. m. on August 19, 1969, two Tucson police officers observed the defendants sitting on a bus stop bench in front of a bar; the defendants were embracing and kissing each other on the lips; the defendant Mortimer unzipped the trousers of the defendant Perez, and commenced manually masturbating Perez. The defendants were charged under A.R.S. § 13–652 and after a trial to the court sitting without a jury, were found guilty. Thereafter, prior to sentencing, the question was certified to this court.

Previously, we have upheld this statute against attacks contending that by reason of vagueness it is unconstitutional. Lovelace v. Clark, 83 Ariz. 27, 315 P.2d 876 (1957). The defendant Perez, in his Memorandum on Certified Question, takes the position that only those lewd and lascivious acts which are committed "in any unnatural manner" are proscribed by the statute.

Responding to this contention, we hold that the act of masturbation by one adult male upon another adult male is an act committed in an unnatural manner. We are aware of a rising school of thought which decries the stigma placed by society upon homosexual activity, but our sole mission here is to interpret the statute as enacted by the legislature. In contemporary Arizona, and as of the date this statute was last amended (1965), homosexual activity is and was considered unnatural. In 13 UCLA Law Review at p. 643, the author of that article said: " * * * the diverse limitations imposed by states are aimed at punishing the acts employed by homosexuals to achieve sexual gratification."

The author of a law review article on sexual deviation wrote in the first sentence of the first paragraph in 40 Univ. of Colo. Law Review at p. 222: "Through the ages sexuality for purposes other than having children has been called 'unnatural' or sinful."

Although to many the foregoing quotation may smack of victorian morality, and represent a standard not in keeping with the times, this is a problem for the legislative process rather than the courts.

We hold that the acts of the defendants were lewd and lascivious as reflected by a body of case law. See Black's Law Dictionary, 4th Ed. at p. 1052; State of Arizona v. Farmer, 61 Ariz. 266, 148 P.2d 1002 (1944); Faber v. State, 62 Ariz. 16, 152 P.2d 671 (1944); State v. Jones, 8 Ariz.App. 381, 446 P.2d 487 (1968); and People v. Lackaye, 348 Ill.App. 542, 109 N.E.2d 390 (1952). Counsel for defendants make much of the fact that there is no statute in Arizona prohibiting masturbation. This is true, but such an argument ignores the words of the statute itself. Nor do we find any difficulty with the meaning of the words of the statute.

The question is answered in the affirmative and the case is remanded for further proceedings consistent herewith.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.