538 P.2d 1168

**The STATE of Arizona, Appellee,**

v.

**Linda Charlene FREEMAN, Appellant.**

**No. 2 CA–CR 623.**

Court of Appeals of Arizona,
Division 2.

Aug. 11, 1975.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and John Pressley Todd, Asst. Attys. Gen., Phoenix, for appellee.

O'Meara, Michela & Brogna by Carmine A. Brogna, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was sentenced to four concurrent terms in the Arizona State Prison for her conviction on charges of armed burglary, armed robbery, armed kidnapping and lewd and lascivious conduct. The most severe term of the four was 25 to 30 years for armed kidnapping. The two points raised on appeal are without merit and we affirm.

The situation involved herein centers on an evening of sexual abuse and violence, culminating in the knife-point abduction of a Tucson woman.

 Appellant's first point is that it was error for the prosecutor on cross-examination to ask the appellant if she had been willing to take a polygraph examination during her interrogation by police officers. Under *State v. Valdez,* 91 Ariz. 274, 371 P.2d 894 (1962), and its successors, it is error, absent stipulation of the parties, to refer at trial to polygraph examinations. However, where the comment on the examination does not prejudice the defendant, there is no reversible error. *State v. Gandara,* 111 Ariz. 80, 523 P.2d 511 (1974); *State v. Bowen,* 104 Ariz. 138, 449 P.2d 603 (1969). We cannot see where the appellant was prejudiced by the reference to the test. If anything, her credibility was strengthened due to the fact that she displayed confidence in her story of the occurrence in stating her willingness to take a polygraph examination. As such, the error, while present, was not such as would require a reversal.

The second point raised was whether the appellant was properly precluded from presenting testimony as to the chastity and reputation of the woman who was the victim of the armed kidnapping. The appellant was originally charged with armed rape, in addition to the other four charges. That count was dismissed and at that time, the trial court indicated that any evidence relating to the chastity of the alleged victim should not be presented by the appellant. She claims that since testimony was elicited regarding the alleged rape, she should have been allowed to present the reputation evidence.

 The fact that lewd and lascivious acts took place is all that must be established for a conviction of that offense and unchaste reputation of the victim is of no importance. *State v. Mortimer,* 105 Ariz. 472, 467 P.2d 60 (1970). An unchaste reputation is not relevant to an armed kidnapping charge, nor is it relevant to an armed robbery charge. We can see no prejudice to the appellant in not being able to present the reputation evidence.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.